UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

        - against -

DEVIN RICHARDSON,

                Defendant.

**MEMORANDUM AND ORDER**

23 Cr. 439 (NRB)

----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Devin Richardson ("Richardson") moves for reconsideration of the Court's February 18, 2025 denial of his pre-trial motion to inspect grand jury minutes, ECF No. 49 at 104, and to dismiss his indictment. For the reasons herein, the Court denies Richardson's motion.[1]

## BACKGROUND

Richardson was indicted by a grand jury on August 23, 2023, on charges of distribution and possession with intent to distribute cocaine, use of a firearm in furtherance of a drug trafficking crime, in which a firearm was discharged, and possession of a firearm and ammunition after a felony conviction. ECF No. 7. This

---

[1] Under Local Criminal Rule 49.1, Richardson was required to file his motion for reconsideration within 14 days of the Court's decision, or March 4, 2025. S.D.N.Y. Local Crim. Rule 49.1(d). Richardson filed his motion to reconsider that ruling on May 16, 2025. ECF No. 48. While this procedural infirmity "is itself a sufficient basis for denial," the Court will address Richardson's motion on the merits. United States v. Lisi, No. 15 Cr. 457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020) (noting that "courts retain the discretion to excuse an untimely filing") (citations omitted).

1

matter is currently set for trial beginning November 17, 2025. ECF No. 58.

On September 9, 2024, Richardson filed a motion seeking suppression of evidence and inspection of grand jury minutes. ECF Nos. 31-34. A hearing on that motion was held on February 18, 2025 (the "Suppression Hearing"). ECF Nos. 41, 49. On February 14, 2025, four days prior to the Suppression Hearing, the Government provided Richardson with materials, including testimony from the grand jury proceedings, pursuant to its obligations under Federal Rule of Criminal Procedure 26.2. Mot. at 2; Opp. at 2. On February 18, 2025, at the conclusion of the Suppression Hearing, this Court denied Richardson's motion to suppress and his motion to inspect the grand jury minutes. ECF No. 49 at 104. Months later, on May 16, 2025, Richardson filed a motion to reconsider the Court's ruling on the inspection of grand jury minutes and for the first time to seek dismissal of his indictment. ECF No. 48. Richardson's motion does not seek reconsideration of the Court's denial of his motion to suppress. As such, that aspect of the Court's ruling is not discussed herein.

Richardson moves to reconsider based on so-called "newly disclosed" grand jury testimony which had been provided to Richardson on February 14, 2025, prior to the February 18, 2025 Suppression Hearing. Mot. at 2-3. Richardson points to statements by Detective Jason Landusky, who testified that one of the

arresting officers, Officer Ramos, recognized Richardson on the night of his arrest "based on [Officer Ramos] having previously arrested Richardson for unrelated conduct," and that Officer Ramos and Richardson "had spent a substantial amount of time together" during that arrest. Id. Richardson also takes issue with the fact that the grand jury was not informed that the earlier charges that formed the basis of the prior arrest by Officer Ramos were eventually dismissed. Id. at 3. Richardson contends that this testimony, without clarification that the charges were dismissed, was "gratuitous, misleading and highly prejudicial" hearsay. Id. at 4.

## LEGAL STANDARD

Reconsideration of a prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Reese v. United States, 164 F. Supp. 3d 608, 610 (S.D.N.Y. 2016) (citing In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)) (citation and internal quotation marks omitted). Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." United States v. Yannotti, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). In deciding reconsideration motions in criminal cases, courts typically apply the standards and local rules that

3

govern such motions in civil cases, see, e.g., Reese, 164 F. Supp. 3d at 610, and "the decision to grant or deny a motion for reconsideration is within the sound discretion of the district court," United States v. Stacharczyk, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021); Marotte v. City of New York, No. 16 Civ. 8953, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017).

Motions for reconsideration may be granted when the movant identifies "intervening change[s] of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). However, "a losing party may not use a motion for reconsideration to advance new theories that the movant failed to advance in connection with the underlying motion." Gaind v. Cordero, No. 04 Civ. 9407, 2011 WL 6376679, at *1 (S.D.N.Y. Dec. 16, 2011) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)) (internal quotation marks omitted).

## DISCUSSION

Richardson's motion for reconsideration does not meet these standards for two reasons: (i) the testimony on which this motion is premised was made available to the defendant prior to the Suppression Hearing and (ii) the testimony itself was not gratuitous, misleading, nor highly prejudicial. We will address each issue in turn.

First, Richardson's arguments are premised on testimony that was provided to Richardson on February 14, 2025, four days before the Suppression Hearing. Mot. at 1; Opp. at 2. As this testimony is not newly discovered, Richardson may not now "use a motion for reconsideration to advance new theories that [he] failed to advance in connection with the underlying motion." Gaind, 2011 WL 6376679, at *1 (citations and internal quotation marks omitted).

Second, and regardless of when Richardson gained access to this testimony, the contention that this testimony was "gratuitous, misleading and highly prejudicial" hearsay, Mot. at 4, is unavailing. First, it is well-settled, black-letter law that reliance on hearsay is permissible in grand jury proceedings. United States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991); Costello v. United States, 350 U.S. 359, 363 (1956) (refusing to quash an indictment even though "all the evidence before the grand jury was in the nature of 'hearsay.'"). It is therefore of no moment whether Detective Landusky's testimony was hearsay.

Second, Detective Landusky's testimony was not gratuitous. As the Government correctly points out in its opposition, the testimony served a distinct purpose, namely, "the grand jury needed to understand how it was that Officer Ramos recognized Richardson, and understanding the extent of their prior interactions was critical to learning how well Officer Ramos knew Richardson so as to evaluate the reliability of his recognition of Richardson."

5

Opp. At 6. Explaining the nature and extent of Officer Ramos's prior interactions with Richardson bears directly on the grand jury's ability to assess Officer Ramos's identification of Richardson.

Nor was the testimony misleading. There is no indication that Detective Landusky's testimony was untrue, and Detective Landusky did not assert that Richardson had ever been charged for any reason relating to that prior arrest, instead merely stating accurately how Officer Ramos came to recognize Richardson. Further, Officer Ramos himself corroborated Detective Landusky's testimony at the Suppression Hearing. ECF No. 49 at 15:5-21.

Finally, Richardson has not shown prejudice resulting from the testimony that rises to the level warranting dismissal of the indictment. The statements that the defendant alleges are prejudicial constitute only one piece of the evidence presented against the defendant as evidenced in the Suppression Hearing. Given the totality of the evidence presented to support the indictment, this Court is of the opinion that there is sufficient evidence such that the grand jury could have indicted Richardson even if Detective Landusky had not testified about Richardson's prior arrest.

To the extent Richardson's request to dismiss the indictment could be understood as a standalone motion distinct from his motion

for reconsideration, that motion is not meritorious.[2] In the Second Circuit, "dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights," United States v. Benjamin, 95 F. 4th 60, 66 (2d Cir. 2024) (quoting United States v. De La Pava, 268 F. 3d 157, 165 (2d Cir. 2001)), and dismissal is generally reserved for government misconduct that "amount[s] to a knowing or reckless misleading of the grand jury as to an essential fact," U.S. v. Lombardozzi, 491 F. 3d 61, 79 (2d Cir. 2007) (cleaned up). Further, claims that evidence was improperly admitted are not sufficient to dismiss an indictment, Bracy v. United States, 435 U.S. 1301, 1302 (1978), and dismissal of an indictment is only appropriate if the misconduct caused the defendant prejudice and "the violations substantially influenced the grand jury's decision to indict," or created a "grave doubt that the decision was free from such substantial influence," Bank of Nova Scotia v. United States, 487 U.S. 250, 251, 254 (1988) (internal citations and quotation marks omitted).

---

[2] While defendant's original motion of September 9, 2024 did not seek to dismiss the indictment, ECF Nos. 31-34, the current application seeks such relief, Mot. at 1, 4. To the extent that the current motion seeks to dismiss the indictment, it is untimely under Fed. R. Crim. P. 12(b)(3) and 12(c)(1), as the Court set the deadline for Defendant's pretrial motions as Monday, September 9, 2024. ECF No. 30. Nor is there a basis for the application of the good cause exception to the timeliness requirement found in Rule 12(c)(3). While this motion can be denied "for that reason alone," the Court will address Richardson's motion on the merits. United States v. Perez, 23 Crim. 99, 2025 WL 41612 (S.D.N.Y. Jan. 7, 2025).

Such an extraordinary remedy is not warranted here. Detective Landusky's testimony was not misleading, let alone recklessly so. see supra p. 2. Nor, as discussed above, was Richardson prejudiced by this testimony. Id. Detective Landusky's testimony was relevant to the grand jury's assessment of how Officer Ramos was able to identify Richardson. Further, Detective Landusky's testimony as to Officer Ramos was not the sole evidence before the grand jury. Therefore, even had Richardson shown violations before the grand jury, he "has not demonstrated . . . that the violations substantially influenced the grand jury's decision to indict or that there is grave doubt that the decision to indict was free from the substantial influence of such violations." United States v. Walters, 910 F.3d 11, 23 (2d Cir. 2018), cert. denied, 140 S.Ct. 117 (2019) (citing Nova Scotia, 487 U.S. at 256).

## CONCLUSION

Accordingly, Richardson's motion for reconsideration and dismissal of the indictment is denied. The Clerk of the Court is respectfully instructed to terminate the motion pending at ECF No. 48.

Dated:   October 9, 2025
         New York, New York

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE